| | |
|---|---|
| MARK L. CORTEGIANO, ESQ.<br>65-12 69th Place<br>Middle Village, NY 11379<br>(718) 894-9500<br>Proposed Counsel for the Debtor and<br>Debtor in Possession | **Hearing Date:**<br>**Hearing Time:** |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

In re:

QUIMERA RESTAURANT GROUP, LLC

                                    Debtor.
------------------------------------------------------------X

Chapter 11

Case No. 1-18-41986-cec

## AFFIDAVIT OF HECTOR SANZ IZQUIERDO PURSUANT TO RULE 1007-4 OF THE LOCAL BANKRUPTCY RULES FOR THE EASTERN DISTRICT OF NEW YORK IN SUPPORT OF FIRST DAY MOTIONS AND APPLICATIONS

Hector Sanz Izquierdo, being duly sworn, deposes and says:

1.    I am the sole member of Quimera Restaurant Group, LLC (the "Debtor," or "Quimera"), the debtor and debtor in possession in this case. In that capacity, I am familiar with the Company's day-to-day operations, businesses, and financial affairs.

2.    This affidavit is made pursuant to Rule 1007-4 of the Local Bankruptcy Rules for the Eastern District of New York (the "Local Bankruptcy Rules") to assist the Court and other parties in interest in understanding the circumstances that compelled the commencement of this chapter 11 case and in support (i) the Debtor's petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") filed on the date hereof (the "Commencement

Date") and (ii) the relief, in the form of motions and applications that the Debtor has requested of the Court.

3. Except as otherwise indicated, all facts set forth in this affidavit are based upon my personal knowledge, my discussions with other Quimera employees, my review of relevant documents, or my opinion based upon experience, knowledge, and information concerning Quimera's operations and financial affairs. If called upon to testify, I would testify competently to the facts set forth in this affidavit. I am authorized to submit this affidavit on behalf of the Debtor.

4. Section I of this affidavit provides an overview of Quimera's business. Section II describes the circumstances giving rise to Quimera's commencement of this chapter 11 case. Section III describes certain information required by Local Bankruptcy Rule 1007-4.

## I.

## **Quimera Restaurant Group's Business**

5. Quimera owns and operates two restaurants in New York City named Barraca and Macondo (the "Quimera Restaurants"). The Quimera Restaurants are operated out of separate rooms in the same building, located at 81 Greenwich Avenue, New York, NY (this property may also be referred to as 2 Bank Street, as it is located at the corner of Greenwich and Bank).

6. Barraca serves genuine Spanish tapas, paella and sangria, while Macondo specializes in gourmet Latin street food and handcrafted cocktails.

7. Between the two restaurants, Quimera employs 90 people in a wide variety of roles.

8. Each restaurant seats 75 people, and between the three restaurants, Quimera can serve close to 1,000 people throughout a busy day.

9.  Quimera is currently profitable. As is disclosed in more detail in the budget attached hereto, projected quarterly revenue for Quimera is $888,000.00. Projected expenses per quarter are $803,950.56, resulting in quarterly profits of 184,049.44.

10. Thus, Quimera will have $28,016.48 per month to pay all current obligations and make adequate protection payments.

## II.

### Events Leading to the Chapter 11 Case

11. Maximo Tejada ("Mr. Tejada") and I formed Quimera Restaurant Group in 2010. The Quimera Restaurants were successful almost immediately, receiving positive reviews and building a loyal customer base.

12. Tragically, in 2011, Mr. Tejada unexpectedly passed away at a young age.

13. Quimera suffered following Mr. Tejada's death. The business soon ran into financial trouble and could not pay all of its obligations.

14. Knowing that the restaurants could push through to profitability based on their early success, Quimera took out several loans and prioritized the debts that were necessary to keep the restaurant open.

### A. Loans from Tapas Credit, LLC

15. In order to stay open, Quimera, through four separate loans, borrowed $3,435,000.00 from Matthew McLennan ("Mr. McLennan").

16. The above referenced loans were consolidated into a single loan in the principal amount of $3,435,000.00 in a Second Loan Ratification Agreement Amendment (the "Loan Agreement") between Quimera and Tapas Credit LLC ("Tapas"), dated January 30, 2015.

17. To secure its performance under the Loan Agreement, Quimera granted a first

priority security interest in substantially all of its assets to Tapas.

18. As of the Petition Date, Quimera had not made any payments pursuant to the Loan Agreement.

B. Tax Debts

19. With the loans from Mr. McLennan, Quimera paid suppliers, employees, and other essential creditors.

20. After paying the expenses necessary to keep the business open, Quimera did not have enough money left to pay its tax liabilities.

21. Over time, the taxing authorities added interest and penalties to the amounts that were past due.

22. Today, Quimera is able to meet its monthly tax obligations, but interest and penalties have grown to the point where it is impossible for Quimera to pay them unless they stop accumulating.

### III.

### Information Required by Local Bankruptcy Rule 1007-4

23. In accordance with Local Bankruptcy Rule 1007-4(a)(i), Quimera is not a small business debtor within the meaning of Bankruptcy Code § 101(51D).

24. In accordance with Local Bankruptcy Rule 1007-4(a)(iv), and to the best of my knowledge, information, and belief, no creditors' committees were organized prior to the Petition Date.

25. In accordance with Local Bankruptcy Rule 1007-4(a)(xvi), Schedule 5 hereto is a 30-day schedule of estimated cash receipts and disbursements, net cash gain or loss, and obligations or receivables expected to accrue but remaining unpaid.

26.  The foregoing is true and correct to the best of my knowledge, information, and belief.

Hector Sanz Izquierdo

Sworn to and subscribed before me, a notary public for the State of New York, County of Queens, this 9th day of April, 2018.

MARK CORTEGIANO
Notary Public, State of New York
No. 5004564
Qualified in Queens County
Commission Expires November 16, 20 18