| | |
|---|---|
| MARK L. CORTEGIANO, ESQ.<br>65-12 69th Place<br>Middle Village, NY 11379<br>(718) 894-9500<br>Proposed Counsel for the Debtor and<br>Debtor in Possession | Hearing Date:<br>Hearing Time: |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X

Chapter 11

In re:

QUIMERA RESTAURANT GROUP, LLC

Case No. 18-41986-cec

Debtor.
---------------------------------------------------------X

### DEBTOR'S MOTION FOR INTERIM AND FINAL ORDERS AUTHORIZING THE DEBTOR (A) TO CONTINUE USING EXISTING CASH MANAGEMENT AND POS SYSTEMS AND (B) TO MAINTAIN EXISTING BANK ACCOUNTS AND BUSINESS FORMS

The above captioned debtor ("Debtor" or "Quimera") hereby moves this Court for entry of interim and final orders authorizing the Debtor (a) to maintain its cash management and point-of-sale ("POS") systems, (b) to maintain existing bank accounts and business forms, and (c) scheduling a final hearing. In support of the motion, the Debtor respectfully states as follows:

**Background**

1. On April 10, 2018, Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York. The factual background of this case is more fully set forth in the Affidavit of Hector Sanz Izquierdo (the "First Day Affidavit").

2. The Debtor continues to manage and operate its business as a debtor-in-possession under sections 1107(a) and 1108 of the Bankruptcy Code.

## Jurisdiction

3. This Court has jurisdiction to consider this motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of this case and this motion in this district is proper under 28 U.S.C. § 1408.

4. The statutory bases for the relief requested herein are sections 105(a), 345(b), and 363 of the Bankruptcy Code and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure.

## Relief Requested

5. The Debtor requests, pursuant to sections 105(a), 345(b), and 363 of the Bankruptcy Code, authority to (a) maintain its cash management and POS systems, as modified herein, and (b) maintain existing bank accounts (collectively, the "Bank Accounts") and business forms, as modified herein.

6. Absent the requested relief, the Debtor will be unable to effectively and efficiently maintain its financial operations, which will cause significant harm to the Debtor, the estate, and creditors. The Debtor's payroll, disbursement, and collection activities will all be delayed if the Debtor is forced to close the Bank Accounts and open new accounts. All parties in interest, including employees, vendors, patrons, and creditors, will benefit from avoiding such a delay.

## The Debtor's Cash Management System

7. Prior to the Petition Date and in the ordinary course of business, the Debtor used three Bank Accounts which formed its cash management system (the "Cash Management System"). All of the Bank Accounts are maintained at Chase Bank (the "Bank").

8. The Debtor generates revenue through operating a restaurant. Customers pay

primarily with credit cards. Credit card information is entered via swipe using the Debtor's POS System, and payments from credit card companies are then sent to one of the Bank Accounts.

9. The three Chase accounts end in 3561 (the "3561 Account"), 5290 (the "5290 Account"), and 1315 (the "1315 Account").

10. Credit card payments from American Express go to the 3561 Account. Payroll and sales taxes are paid out of the 3561 Account, and a remainder is transferred to the 5290 Account.

11. Credit card payments from Visa and Mastercard go to the 1315 Account. Employees are paid from the 1315 Account, and a remainder is transferred to the 5290 Account.

12. When money from the 3561 Account and the 1315 Account comes into the 5290 Account, vendors and suppliers are paid out of the 5290 Account.

13. It is essential to the Debtor's business that all accounts remain open without interruption. If the 3561 or 1315 Accounts are closed for any amount of time, the Debtor will be temporarily unable to receive credit card payments or pay taxes and employees. Additionally, transfers from the 3561 and 1315 Accounts ensure that the Debtor can pay vendors and suppliers from the 5290 Account. Any delay in receiving credit card payments in the 3561 or 1315 Accounts could prevent Debtor from paying for the supplies necessary to run its business.

14. Based on the foregoing, the Debtor believes that maintenance of the existing Cash Management System is in the best interest of the Debtor's estate and all parties in interest. Therefore, the Debtor seeks the authority to maintain and use the Cash Management System during this chapter 11 case.

## Basis for Relief

A. Continuing the Cash Management System is in the Best Interests of the Debtor, Creditors, and All Parties in Interest

15. The Debtor seeks authority to continue to operate the Cash Management System

in accordance with any post-petition orders entered in this case. The Cash Management System used in the Debtor's ordinary course of business provides significant benefits to the Debtor, including the ability to control company funds, ensure the maximum availability of funds, and where necessary, reduce borrowing costs and administrative expenses by facilitating the movement of funds and development of timely and accurate balance information.

16. Additionally, the relief sought by the Debtor is contemplated by the Bankruptcy Code. Section 363(c)(1) of the Code authorizes the debtor in possession to "use property of the estate in the ordinary course of business without notice or a hearing." 11 U.S.C. § 363.

17. This Court may also exercise its equitable powers to grant the relief requested. Section 105(a) of the Bankruptcy Code allows the Court to "issue any order, process, or judgment that is necessary to carry out the provisions of this title." 11 U.S.C. § 105(a). The Debtor's continued use of the Cash Management System is vital to the efficient administration of this case.

18. The post-petition use of preexisting cash management systems has been approved in this and other districts. *See, e.g.*, *In re Int'l Tobacco Partners, Ltd.*, Case No. 10-74894 (Bankr. E.D.N.Y. Jul. 7, 2010); *see also In re Sbarro, Inc.*, Case No. 11-11527 (Bankr. S.D.N.Y. Apr. 5, 2011); *In re MSR Resort Golf Course LLC*, Case No. 11-10372 (Bankr. S.D.N.Y. Mar. 2, 2011); *In re Great Atl. & Pac. Tea Co.*, Case No. 10-24549 (Bankr. S.D.N.Y Dec. 13, 2010); *In re Citadel Broad Corp.*, Case No. 09-17442 (Bankr. S.D.N.Y. Dec 21, 2009); *In re Reader's Digest Ass'n*, Case No. 09-23529 (Bankr. S.D.N.Y. Nov. 23, 2009).

19. Here, continued use of the pre-petition cash management system will ensure that the Debtor continues to receive all payments from customers without interruption, and that the Debtor has adequate funds on hand to pay employees, taxing authorities, and vendors.

B. Ample Cause Supports the Debtor's Maintenance of Bank Accounts and Business Forms

20.     The Office of the United States Trustee's "Operating Guidelines for Chapter 11 Cases" (the "UST Guidelines") mandate that Debtor close prepetition bank accounts and open new accounts. If Debtor were required to comply with these requirements, Debtor's operations would be severely harmed by the resulting disruption, confusion, cost, and delay.

21.     The Debtor believes that the transition to chapter 11 will be more orderly if Debtor is permitted to maintain its prepetition Bank Accounts; provided, however, that checks issued or dated prior to the Petition Date will not be honored absent an order of the Court. All parties in interest will be best served by avoiding the disruption and delay to Debtor's collection and disbursement procedures that would result from closing the Bank Accounts and opening new accounts.

22.     The UST Guidelines also require the printing of new checks with the label "Debtor-in-Possession." To avoid disruption in its business and to minimize expenses, the Debtor requests authorization to continue using existing checks (collectively, the "Business Forms"), substantially in the form existing immediately before the Petition Date. Debtor will indicate its status as a debtor in possession by printing "debtor in possession" on any Business Forms.

23.     Here, Debtor's continued use of prepetition Bank Accounts and Business Forms will allow the Debtor an orderly transition to post-petition operation with minimal disruption to Debtor's business.

24.     The Debtor acknowledges the Bank Accounts and the funds therein are subject to the pre and post petition lien rights of Debtor's sole secured creditor – Tapas Credit, LLC and agree that any order granting the instant motion shall not diminish those lien rights.

## Compliance with Section 345(b) of the Bankruptcy Code

25.     Section 345 of the Bankruptcy Code governs a Debtor's deposit and investment of

cash during a chapter 11 case. Where deposits are not insured or guaranteed by the United States or by a department, agency, or instrumentality of the United States or backed by the full faith and credit of the United States, section 345(b) requires the estate to obtain a bond from the entity where the money is deposited.

26. All of the Debtor's bank accounts are maintained at authorized depositories, so no bond is necessary.

### Notice

27. No trustee, examiner, or statutory creditors committee has been appointed in this Chapter 11 case. Notice of this motion has been provided to: (i) Office of the United States trustee for the Eastern District of New York; (ii) creditors holding the twenty (20) largest unsecured claims against the Debtor's estate; (iii) the IRS; (iv) all taxing authorities in relevant jurisdictions; (v) Baker Mckenzie, counsel for debtor's sole secured creditor; and (vi) any other parties directly affected by this motion. The Debtor submits that such notice is sufficient under the circumstances.

### No Prior Request

28. No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE the Debtor respectfully requests entry of (i) the Proposed Interim Order attached as Exhibit A hereto, authorizing maintenance of the Debtor's cash management system on an interim basis and scheduling a final hearing, and (ii) the Proposed Final Order attached as Exhibit B hereto, granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: Middle Village, New York
      April 12, 2018

                              MARK L. CORTEGIANO, ESQ.

                              /s/ Mark L. Cortegiano
                              65-12 69th Place
                              Middle Village, NY 11379
                              (718) 894-9500
                              Proposed Counsel for the Debtor and
                              Debtor in Possession