UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
In re:                                                    Chapter 11

QUIMERA RESTAURANT GROUP LLC          Case No.:  1-18-41986

                              Debtor.
----------------------------------------------------------X

## MOTION TO CONVERT CASE UNDER CHAPTER 11
## TO A CASE UNDER CHAPTER 7

The above-captioned debtor and debtor-in-possession (the "Debtor") hereby moves this Court for an order converting this case from Chapter 11 to Chapter 7 (the "Motion"). In support of its Motion, the Debtor respectfully represents as follows:

### JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. § 1408. The statutory predicates for the relief requested herein are sections 105(a) and 1112(b) of the Title 11 of the United States Code (the "Bankruptcy Code"), along with Rule 1019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

### NEED FOR IMMEDIATE RELIEF

2. Debtor's cash collateral expires at the end of the day today. In order to maximize the value of any sale of the Debtor's assets and/or business, conversion of the case to a Chapter 7 needs to occur as soon as possible.

3. On April 10, 2018, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York.

4. The Debtor continues to manage and operate its business as a debtor-in-possession under sections 1107(a) and 1108 of the Bankruptcy Code. Debtor remains in possession of its property and management of its affairs pursuant to Bankruptcy Code §§1107(a) and 1108.

5. No trustee, examiner or committee of creditors has been appointed in this case.

6. The Debtor is a corporation formed in 2009 under the laws of the State of New York and is in the business of operating two restaurants. The Debtor operates its two restaurants upon the premises known as 2 Bank Street aka 81 Greenwich Street, New York, NY 10014 (the "Premises").

7. In order to operate its business while in Chapter 11, the Debtor moved for an order authorizing the use of cash collateral, which was granted on an interim basis on April 17, 2018, and on a final basis on May 18, 2018. (Copies of the interim and final orders are annexed hereto as Exhibits A and B, respectively).

8. The final cash collateral order authorized the debtor to use cash collateral until May 31, 2018. That date has been extended until Friday, November 9, 2018 by ten subsequent stipulations between Debtor and Tapas Credit, LLC, the largest secured creditor in this case. (A copy of the tenth stipulation is annexed hereto as Exhibit C).

9. Tapas declined to further extend Debtor's continued use of cash collateral beyond November 9, 2018. Without the use of cash collateral, Debtor will be unable to operate its business, and therefore unable to reorganize. Based upon my discussion with counsel for Tapas, Tapas does not object to the relief sought by this motion.

## LEGAL BASIS FOR RELIEF

10. 11 U.S.C. § 1112(b) provides, in pertinent part, that "on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under Chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under 1104(a) of a trustee or examiner is in the best interests of creditors and the estate."

11. For purposes of subsection (b), "cause" includes "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation." 11 U.S.C. § 1112(b)(4)(A).

12. Here, there is cause to convert the case to Chapter 7 because there is no likelihood of rehabilitation.

13. Debtor's ability to use cash collateral expires on November 9. Without cash collateral, Debtor will be unable to buy supplies, pay employees, or pay for services. As such, Debtor will be unable to operate its business and generate revenue, while still incurring expenses.

14. As this will deplete the assets of the estate, it is in the best interests of creditors and the estate that this case be converted to Chapter 7, and the business liquidated in order to provide some return to creditors.

15. No prior request for the relief sought by this motion has been made.

**WHEREFORE**, the Debtor respectfully requests that this Court enter an order, substantially in the form attached hereto, granting this Motion and such other and further relief as the Court deems just and proper.

Dated: Middle Village, NY
       November 9, 2018

                                             /s/ Mark L. Cortegiano
                                             MARK L. CORTEGIANO, ESQ.
                                             Counsel to Debtor and Debtor
                                             in Possession
                                             65-12 69th Place
                                             Middle Village, NY 11379