Rosen & Kantrow, PLLC
*Attorneys for David J. Doyaga, Sr., Trustee*
38 New Street
Huntington, New York 11743
631 423 8527
Avrum J. Rosen, Esq.
Nico G. Pizzo, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:

QUIMERA RESTAURANT GROUP LLC,

Debtor.

Case No.: 18-41986-cec
Chapter 7

-----------------------------------------------------------x
DAVID J. DOYAGA, SR., AS TRUSTEE OF
THE QUIMERA RESTAURANT GROUP LLC

                          Plaintiff,    Adv. Pro. No.: 20

-against-

DEUTSCHE BANK TRUST CO.
AMERICAS,

                          Defendant.
-----------------------------------------------------------x

## **COMPLAINT**

David J. Doyaga, Sr., Chapter 7 trustee ("Trustee" or "Plaintiff") of the bankruptcy estate of Quimera Restaurant Group, LLC, debtor ("Debtor") and Plaintiff in the above captioned adversary proceeding, by and through his counsel, Rosen & Kantrow, PLLC, respectfully submits this as and for Trustee's complaint ("Complaint") against defendant Deutsche Bank Trust Co. Americas ("Defendant"), and respectfully represents as follows:

### **PRELIMINARY STATEMENT**

This is an action by Trustee to avoid and recover a certain postpetition transfer made by Debtor to Defendant following the filing of the bankruptcy petition in the amount of Twenty One

Thousand Seventy Three dollars and One cent ($21,073.01), for the benefit of creditors of Debtor's bankruptcy estate.

## PARTIES

1. Plaintiff is Chapter 7 Trustee of Debtor's estate.

2. Upon information and belief, the Defendant is incorporated in the State of New York. Defendant has designated with the New York State Department of State Division of Corporations a service of process address at Deutsche Bank Trust Co., Americas, ATTN: Christian Sewing, CEO, 60 Wall Street New York, New York, 10005.

## JURISDICTIONAL PREDICATE

3. This adversary proceeding relates to Debtor's above-captioned bankruptcy proceeding pending in the United States Bankruptcy Court for the Eastern District of New York and is a "core proceeding" as that term is defined in 28 U.S.C. § 157(b)(2)(F), (H), and (O).

4. The statutory predicates for the relief sought herein are: (i) 11 U.S.C. §§ 544, 549 and 550 ("Bankruptcy Code"); and (ii) Rules 7001 et seq. of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule").

5. Venue of Debtor's Chapter 7 case and of this action in this district and this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6. In the event this Court determines that the causes of action, as alleged herein, are not a core proceeding, Plaintiff consents to entry of final orders and judgment by this Court determining such causes of action.

## FACTS

7.   On April 10, 2018 ("Petition Date"), Debtor's bankruptcy case was commenced by the filing of a voluntary petition for relief ("Petition") under Chapter 11 of the Bankruptcy Code, identified as Case No. 18-41984-cec in the United States Bankruptcy Court, Eastern District of New York ("Bankruptcy Court"). On November 9, 2018 the Debtor filed with this court an application [ECF Doc. No. 76] seeking an Order converting Debtor's case to one under Chapter 7 of the Bankruptcy Code. On November 19, 2018, the Court entered an Order [ECF Doc. No. 83] converting Debtor's case to one under Chapter 7.

8.   David J. Doyaga, Sr., was appointed interim Chapter 7 Trustee and thereafter did duly qualify as the permanent Trustee.

9.   Plaintiff, by and through Debtor's counsel, obtained bank records from those banks at which the Debtor maintained certain accounts. Among others, Trustee obtained bank records from Chase Bank ("Chase") at which the Debtor maintained certain checking accounts.

10.   Upon information and belief, and based upon a review of certain documents provided to the Trustee, Debtor remitted payments to Defendant from a Chase Account ending in 1315 (the "Chase Account").

11.   A review of the documents obtained of the Chase Account indicates that Debtor made the following transfers to Defendant:

| **DATE** | | **AMOUNT** |
| --- | --- | --- |
| 04/23/2018 | | $21,073.01 |

The aggregate amount transferred to the Defendant by Debtor is $21,073.01 (the "Post Petition Transfer").

12.   The Transfer from Debtor to Defendant occurred after the commencement of the instant Bankruptcy.

13. The Transfer was not authorized under any section of the Bankruptcy Code or Order of the Court.

14. Based on the Chase Bank statements obtained by the Plaintiff, and upon information and belief, Debtor made the Transfer for a debt for which it was not obligated. Upon information and belief, Debtor made the Transfers for a debt that was due from entities and or persons other than the Debtor and was an unauthorized post-petition transfer

15. The Defendant was not listed as a creditor of the Debtor's in its schedules.

16. The Transfers were effectuated at a time when Debtor owed substantial amounts to various creditors including Tapas Credit, LLC, which asserted a claim in an amount over Five Million Dollars.

17. Upon information and belief, Debtor made the Transfers which are the subject of this complaint with actual intent to hinder, delay or defraud legitimate creditors of Debtor existing on the date the Transfers or to whom Debtor became indebted to thereafter.

18. Upon information and belief, Defendant did not give reasonably equivalent value or fair consideration to Debtor from the Transfers which is the subject of this complaint.

19. At the time of the Transfers, and/or as a result thereof, Debtor intended to incur, or believed it would incur, debts that would be beyond its ability to pay as they came due and matured.

**AS AND FOR AN FIRST CAUSE OF ACTION**
**PURSUANT TO SECTION 549 OF THE BANKRUPTCY CODE**

20. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs "1" through "19" as if each were more fully set forth herein.

21. Under Section 549(a) of the Bankruptcy Code, the Trustee may avoid a transfer of property of the estate (1) that occurs after the commencement of the case; and (2) (A) that is

authorized only under section 303(f) or 542(c) of this title; or (B) that is not authorized under this title or by the court. Under Section 549(b) of the Bankruptcy Code, the Trustee may not avoid a transfer of property of estate after the commencement of the case but before the order for relief.

22. Debtor made a transfer in the amount of $21,073.01 to Defendant after the Petition Date, which was April 10, 2018.

23. Under Section 303(f) of the Bankruptcy Code, any business of the debtor may continue to operate, and the debtor may continue to use or dispose of property until an order for relief in the case, except to the extent that the Court orders otherwise.

24. The Post-petition Transfer occurred after the Order for relief was entered.

25. By virtue of the foregoing, Plaintiff is entitled to judgment setting aside the Post-petition Transfer made by Debtor as an unauthorized post-petition transfer under and Bankruptcy Code §549.

### AS AND FOR AN SECOND CAUSE OF ACTION
### PURSUANT TO SECTION 550 OF BANKRUPTCY CODE

26. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "25."

27. Under Bankruptcy Code § 550(a), Plaintiff may recover the Transfers that were made and/or the value thereof from Defendant.

28. The Defendant benefitted from the Post-petition Transfers made by Debtor in an amount not less than $21,073.01.

29. By reason of the foregoing, Plaintiff is entitled to a judgment against the Defendant in the amount not less than $21,073.01 pursuant to Section 550 of the Bankruptcy Code.

### AS AND FOR AN THIRD CAUSE OF ACTION FOR UNJUST ENRICHMENT

30. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "29."

31. Upon information and belief, Defendant benefitted from the Transfer because it received an aggregate amount of Debtor's property.

32. Defendant's benefit is at the expense of Plaintiff because the aggregate amount of $21,073.01 was not available to pay the creditors of the Bankruptcy Estate.

33. The Transfer to Defendant by Debtor have caused Defendant to be unjustly enriched and may not in equity and good conscience retain the Transfer.

34. By virtue of the foregoing, Plaintiff is entitled to judgment against the Defendant in an amount not less than $21,073.01.

## **RESERVATION OF RIGHTS**

35. Plaintiff intends to recover the Post-petition Transfer of Debtor made to Defendant after to Petition Date, as such, hereby specifically reserves his right to amend this complaint to seek to recover additional transfers, if any, which are not identified herein, to bring any and all other causes of action that he could maintain against Defendant, including, without limitation, causes of action arising out of the same transaction(s) described herein, to the extent discovery in this action or further investigation by Trustee reveals additional transfers or further causes of action.

**WHEREFORE**, the Plaintiff respectfully demands judgment as follows:

(a) On the First Cause of Action, judgment setting aside the Post-petition Transfer as an unauthorized post-petition transfer pursuant to Section 549 of the Bankruptcy Code;

(b) On the Second Cause of Action, judgment against the Defendant in the amount not less than $21,073.01pursuant to Section 550 of the Bankruptcy Code;

(c)     On the Third Cause of Action, judgment against the Defendant in an amount not less than $21,073.01;

(d)     for such other, further and different relief as this Court deems just, proper, and equitable.

Dated: Huntington, New York
      April 10, 2020

                          **Rosen & Kantrow, PLLC**
                          *Attorneys for the Plaintiff*

BY:     */s/Avrum J. Rosen*
        Avrum J. Rosen, Esq.
        Nico G. Pizzo, Esq.
        38 New Street
        Huntington, New York 11743
        631 423 8527
        arosen@rkdlawfirm.com
        npizzo@rkdlawfirm.com