Rosen & Kantrow, PLLC
*Attorneys for David J. Doyaga, Sr., Trustee*
38 New Street
Huntington, New York 11743
631 423 8527
Avrum J. Rosen, Esq.
Nico G. Pizzo, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:

QUIMERA RESTAURANT GROUP LLC,

                           Debtor.

Case No.: 18-41986-cec
Chapter 7

-----------------------------------------------------------x
DAVID J. DOYAGA, SR., AS TRUSTEE OF
THE QUIMERA RESTAURANT GROUP LLC

                           Plaintiff,

-against-

BANKIA, S.A.,
BANKINTER, S.A.,
UNICAJA BANCO, S.A.,
HECTOR SANZ IZQUIERDO,
FRANCISCO SANZ GARCIA, AND
MARIA DOLLY IZQUIERDO JIMENEZ,

                           Defendants.

Adv. Pro. No.: 20

-----------------------------------------------------------x

## COMPLAINT

David J. Doyaga, Sr., Chapter 7 trustee ("Trustee" or "Plaintiff") of the bankruptcy estate of Quimera Restaurant Group, LLC, debtor ("Debtor") and Plaintiff in the above captioned adversary proceeding, by and through his counsel, Rosen & Kantrow, PLLC, respectfully submits this as and for Trustee's complaint ("Complaint") against defendants, Bankia S.A., ("Bankia"), Bankinter, S.A. ("Bankinter"), Unicaja Banco, S.A., as the successor to Banco de Caja Espana de Inversiones Salamanca y Soria S.A., ("Unicaja Banco"), Hector Sanz Izquierdo ("Hector"), Francisco Sanz Garcia ("Francisco"), and Maria Dolly Izquierdo Jimenez, ("Maria")

(Bankia, Hector, Francisco and Maria are collectively referred to as "Defendants"), and respectfully represents as follows:

## PRELIMINARY STATEMENT

This is an action by Trustee to avoid and recover certain transfers made by Debtor to Defendants, within the six (6) year period prior to the filing of the bankruptcy petition as a fraudulent conveyance, in the amount of Four Hundred Twenty Four Thousand Sixty Seven dollars and Eighty Eight cents ($424,067.88 ), for the benefit of creditors of Debtor's bankruptcy estate.

## PARTIES

1. Plaintiff is Chapter 7 Trustee of Debtor's estate.

2. Upon information and belief, the defendant Bankia is a foreign bank that was formed in 2010 in Spain with its headquarters located at Calle del Pintor Sorella 8 Valencia, 46002, Spain, Attn: Jose Sevilla, CEO.

3. Upon Information and belief, the defendant Bankinter is a foreign bank that was formed in 1972 in Spain with its headquarters located at Paseo de la Castellana, 29, 28046 Madrid, Spain, Attn: Maria Dolores Dancausa, CEO.

4. Upon information and belief, Unicaja Banco is a foreign bank in Spain with its headquarters located at Avenida de Andalucia, 10-12, 29007, Malaga, Spain Attn: Angel Rodriguez de Garcia, CEO.

5. Upon information and belief, the defendant Hector is the principal of the Debtor and personally guaranteed the loan documents which are the subject of this Complaint. Upon information and belief, Hector resides at 100 Dudley Street, Apartment 2311, Jersey City, New Jersey 07302-6448.

6.     Upon information and belief, the defendant Francisco personally guaranteed the loan documents which are the subject of this Complaint. Upon information and belief, Francisco resides at Calle De La Tejera, 7, 42001, Soria, Spain.

7.     Upon information and belief, the defendant Maria personally guaranteed the loan documents which are the subject of this Complaint. Upon information and belief, Maria resides at Calle De La Tejera, 7, 42001, Soria, Spain.

## JURISDICTIONAL PREDICATE

8.     This adversary proceeding relates to Debtor's above-captioned bankruptcy proceeding pending in the United States Bankruptcy Court for the Eastern District of New York and is a "core proceeding" as that term is defined in 28 U.S.C. § 157(b)(2)(F), (H), and (O).

9.     The statutory predicates for the relief sought herein are: (i) 11 U.S.C. §§ 544, 548 and 550 ("Bankruptcy Code"); (ii) Rules 7001 et seq. of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule"); and (iii) Section 273 et seq. of N.Y. CLS Debt. & Cred. (2014) ("Debtor and Creditor Law").

10.    Venue of Debtor's Chapter 7 case and of this action in this district and this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

11.    In the event this Court determines that the causes of action, as alleged herein, are not a core proceeding, Plaintiff consents to entry of final orders and judgment by this Court determining such causes of action.

## FACTS

12.    On April 10, 2018 ("Petition Date"), Debtor's bankruptcy case was commenced by the filing of a voluntary petition for relief ("Petition") under Chapter 11 of the Bankruptcy

Code, identified as Case No. 18-41984-cec in the United States Bankruptcy Court, Eastern District of New York ("Bankruptcy Court").

13. On November 9, 2018 the Debtor filed with this court an application [ECF Doc. No. 76] seeking an Order converting Debtor's case to one under Chapter 7 of the Bankruptcy Code. On November 19, 2018, the Court entered an Order [ECF Doc. No. 83] converting Debtor's case to one under Chapter 7.

14. David J. Doyaga, Sr., was appointed interim Chapter 7 Trustee and thereafter did duly qualify as the permanent Trustee.

15. Plaintiff, by and through Debtor's counsel, obtained bank records from those banks at which the Debtor maintained certain accounts. Among others, Trustee obtained bank records from Chase Bank ("Chase") at which the Debtor maintained certain checking accounts.

16. Upon information and belief, and based upon a review of certain documents provided to the Trustee, Debtor remitted payments to Bankia, Bankinter and other foreign banks and/or individual Defendants from Chase account ending in 1315 (the "1315 Account"), Chase account ending in 5290 (the "5290 Account") and the Chase account ending in 3561 (the "3561 Account").

17. A review of the documents obtained by the Plaintiff indicated the Debtor made the following electronic wire transfers from the 1315 Account, 5290 Account and 3561 Account, to a recipient that was identifiable from the bank statements:

| **DATE** | **ENTITY** | **Account Number** | **AMOUNT** |
|---|---|---|---|
| 03/27/2015 | Bankia | 1315 | $10,000.00 |
| 03/20/2015 | Bankia | 1315 | $10,000.00 |
| 04/13/2015 | Bankia | 1315 | $8,0000.00 |

| 04/20/2015 | Bankinter | 1315 | $8,000.00 |
| --- | --- | --- | --- |
| 05/11/2015 | Bankinter | 1315 | $8,000.00 |
| 05/15/2015 | Bankinter | 1315 | $4,474.27 |
| 09/21/2015 | Bankinter | 1315 | $3,229.90 |
| 01/30/2017 | Bankinter | 1315 | $4,387.89 |
| 03/08/2017 | Bankinter | 1315 | $3,153.89 |
| 05/01/2017 | Bankinter | 1315 | $3,257.33 |
| 06/12/2017 | Bankinter | 1315 | $3,345.25 |
| 07/17/2017 | Bankinter | 1315 | $3,425.06 |
| 08/14/2017 | Bankinter | 1315 | $3,519.84 |
| 10/10/2017 | Bankinter | 1315 | $4,254.80 |
| 11/16/2017 | Bankinter | 1315 | $5,081.05 |
| 12/15/2017 | Bankinter | 1315 | $4,306.68 |
| 05/15/2015 | Bankinter | 5290 | $4,474.27 |
| 02/13/2017 | Bankinter | 3561 | $4,382.60 |

The aggregate amount transferred by Debtor to an identifiable entity is $95,292.84 (the "Aggregate Identified Transfers").

18. Among the Aggregate Identified Transfers, Bankia received an aggregate amount of $28,000.00.

19. Among the Aggregate Identified Transfers, Bankinter received an aggregate amount of $67,292.84.

20. A review of the documents obtained by the Plaintiff indicated the Debtor made the following electronic wire transfers from the 1315 Account, 5290 Account and 3561 Account, to a recipient that was not identifiable from the bank statements:

| DATE | ENTITY | ACCOUNT NUMBER | AMOUNT |
|---|---|---|---|
| 08/13/2015 | | 1315 | $4,798.35 |
| 08/24/2015 | | 1315 | $10,040.16 |
| 09/08/2015 | | 1315 | $12,634.96 |
| 09/21/2015 | | 1315 | $9,781.36 |
| 09/28/2015 | | 1315 | $12,608.90 |
| 09/28/2015 | | 1315 | $1,723.54 |
| 10/26/2015 | | 1315 | $9,628.45 |
| 11/16/2015 | | 1315 | $7,499.72 |
| 11/23/2015 | | 1315 | $9,280.49 |
| 12/21/2015 | | 1315 | $9,514.22 |
| 12/21/2015 | | 1315 | $6,268.37 |
| 01/24/2016 | | 1315 | $9,451.00 |
| 02/22/2016 | | 1315 | $7,586.91 |
| 02/29/2016 | | 1315 | $9,503.58 |
| 03/21/2016 | | 1315 | $8,667.51 |
| 03/21/2016 | | 1315 | $6,471.74 |
| 04/04/2016 | | 13145 | $7,001.17 |
| 04/15/2016 | | 1315 | $4,941.86 |
| 04/25/2016 | | 1315 | $4,928.11 |

| | | | |
|---|---|---|---|
| 05/09/2016 | | 1315 | $4,984.75 |
| 05/16/2016 | | 1315 | $4,956.85 |
| 05/23/2016 | | 1315 | $9,776.86 |
| 10/03/2016 | | 1315 | $4,968.23 |
| 10/20/2016 | | 1315 | $4,871.97 |
| 12/21/2016 | | 1315 | $7,165.78 |
| 03/06/2017 | | 1315 | $2,180.79 |
| 03/28/2017 | | 1315 | $4,231.63 |
| 04/12/2017 | | 1315 | $3,275.47 |
| 04/17/2017 | | 1315 | $3,508.77 |
| 05/01/2017 | | 1315 | $3,369.65 |
| 05/08/2017 | | 1315 | $3,382.19 |
| 05/22/2017 | | 1315 | $3,473.83 |
| 05/26/2017 | | 1315 | $3,453.44 |
| 06/20/2017 | | 1315 | $4,011.92 |
| 07/10/2017 | | 1315 | $4,696.49 |
| 07/31/2017 | | 1315 | $4,832.09 |
| 08/07/2017 | | 1315 | $6,065.02 |
| 08/21/2017 | | 1315 | $5,462.49 |
| 09/05/2017 | | 1315 | $5,498.53 |
| 09/18/2017 | | 1315 | $6,141.75 |
| 09/25/2017 | | 1315 | $6,099.79 |
| 10/18/2017 | | 1315 | $6,046.68 |

| | | | |
|---|---|---|---|
| 11/16/2017 | | 1315 | $9,672.35 |
| 01/22/2018 | | 1315 | $10,695.86 |
| 03/12/2018 | | 1315 | $5,058.84 |
| 03/12/2018 | | 1315 | $8,843.97 |
| 04/09/2018 | | 1315 | $4,803.00 |
| 04/09/2018 | | 1315 | $8,069.60 |
| 07/20/2015 | | 5290 | $9,483.43 |
| 12/12/2015 | | 3561 | $7,400.15 |
| 02/21/2017 | | 3561 | $4,345.94 |

The aggregate amount transferred by Debtor to an unidentifiable entity is $328,775.04 (the "Aggregate Unidentified Transfers").

21. Collectively, the Aggregate Identified Transfers and Aggregate Unidentified Transfers total $424,067.88 and are referred to as the transfers (the "Transfers").

22. Plaintiff initiated an investigation into the Transfers and obtained documents, by and through Debtor's counsel, alleging the transfers were made pursuant to loans that the Debtor received from various foreign banking institutions. Trustee reviewed several loan documents that were executed between Debtor and Bankia with Hector, Francisco and Maria as personal guarantors.

23. Among the documents produced was a loan document dated May 21, 2010, that allege the Debtor received a surety loan in the amount of Nine Hundred Eighty Thousand euros (980,000.00) from Bancaja[1] with Hector, Francisco and Maria as personal guarantors. [2]

24. The only document produced that debtor was obligated to, within the period of time of the alleged transfers of this Complaint, was a loan document dated June 23, 2015, that allege the Debtor received a surety loan in the amount of Five Hundred Thousand euros (500,00.00) from Bankia with Hector, Francisco and Maria as personal guarantors (the "2015 Bankia Loan").

25. Additionally, among the documents produced were mortgage loan documents dated February 14, 2012 that allege Francisco and Maria received a mortgage loan line of credit from Bankinter in the amount of Three Hundred Fifty Thousand euros (350,000.00) secured by real property located in Madrid, Spain (the "Mortgage"). The Debtor is not a party to the Mortgage or the Credit Line.

26. Among the documents produced were mortgage refinance loan documents that alleged Francisco and Maria refinanced a mortgage loan from Bankinter in the principal amount of Four Hundred Twenty Six Thousand Three Hundred euros (426,300.00) (the "Mortgage Refinance Loan"). The collateral used for the mortgage was property located in Madrid, Spain. The Debtor is not a party to the Mortgage Refinance Loan.

27. Upon information and belief, Hector is related to Francisco and Maria.

28. Among the documents produced was an affidavit from a representative of Unicaja Banco that acknowledges the existence of a loan between Unicaja Banco and Calle Catorce, LLC

---

[1] Bankia was formed on December 3, 2010 as a result of the merger of seven (7) banks. Bancaja was one of the seven banks that formed Bankia.
[2] All documents produced were in Spanish. Official translations have not been obtained as of yet. The documents have been examined using online translation programs.

with Hector, Francisco and Maria[3] as personal guarantees on the loan in the amount of Two Hundred Seventy Nine Thousand Three Hundred Seventy Seven euros and Sixty Seven cents (279,377.37) (the "Unicaja Banco Loan"). Upon information and belief, the Debtor is not a party to any loan agreements with Unicaja Banco.

29. From the available documents, it appears that these prior obligations of the Defendants were refinances by the Loan taken out by the Debtor in 2015.

30. Upon information and belief, the Debtor received no consideration for obligating itself on these loans.

31. Upon information and belief, Debtor did not receive the proceeds of the 2015 Bankia Loan.

32. By making a loan to the Debtor, an affiliate and their principal and accepting payments from the Debtor, the Defendants conducted business in New York and subjected themselves to this Court's jurisdiction.

33. Prior to the Petition Date, the Debtor's principal, Hector owned and maintained the entity Calle Catorce, LLC, which entity was separate and apart from the Debtor. Upon information and belief, Hector, as principal of the Debtor and Calle Catorce, LLC made payments from the Debtor's assets for the benefit of the Unicaja Banco Loan, for which Debtor was not obligated.

34. Upon information and belief, the Transfers were for made for the payment of a debt owed by an entity or individual other than the Debtor.

35. Based on the Plaintiff's review of the loan documents, the Chase Bank statements obtained by the Plaintiff and upon information and belief, the Debtor, by and through its

---

[3] Maria is listed as a personal guarantee as "Dolly Izquierdo Jimenez."

principal, made the Transfers for the payment of debts owed by an entity or persons other than the Debtor, for which it was not obligated.

36. The Transfers were effectuated at a time when Debtor owed substantial amounts to various creditors, including Tapas Credit, LLC, which asserted a claim in an amount over Five Million Dollars.

37. Upon information and belief, Debtor made the Transfers which are the subject of this complaint with actual intent to hinder, delay or defraud legitimate creditors of Debtor existing on the date the Transfers or to whom Debtor became indebted to thereafter.

38. Upon information and belief, Defendants did not give reasonably equivalent value or fair consideration to Debtor from the Transfers which are the subject of this complaint.

39. At the time of the Transfers, and/or as a result thereof, Debtor intended to incur, or believed it would incur, debts that would be beyond its ability to pay as they came due and matured.

## AS AND FOR A FIRST CAUSE OF ACTION
## PURSUANT TO NEW YORK DEBTOR & CREDITOR LAW SECTION 273

40. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "39."

41. To the extent that the claims herein arise under Bankruptcy Code §544(b), the Plaintiff is asserting the rights of a creditor with an unsecured claim allowable in the bankruptcy case.

42. Upon information and belief, the Transfers to the Defendants were made at a time when the Debtor was insolvent or it rendered the Debtor insolvent.

43. Upon information and belief, the Debtor did not receive any consideration and/or fair consideration for the Transfers made to or on behalf of the Defendants.

44. The Defendants benefitted from the Transfers made by Debtor.

45. The Transfers are voidable under Debtor and Creditor Law § 273 as a fraudulent conveyance.

46. By reason of the foregoing, the Plaintiff is entitled a declaratory judgment setting aside the Transfers made by the Debtor and determining that the Transfers are fraudulent conveyances under Debtor and Creditor Law §273.

### AS AND FOR A SECOND CAUSE OF ACTION UNDER SECTION 278 OF DEBTOR AND CREDITOR LAW AND SECTION 550 OF BANKRUPTCY CODE

47. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "46."

48. Pursuant to Debtor and Creditor Law § 278 and Bankruptcy Code §550 (a), the Plaintiff may recover the Transfers that were made and/or the value thereof.

49. The Defendants benefitted from the Transfers to him/she/it in the aggregate amount of not less than $424,067.88.

50. By reason of the foregoing, the Plaintiff is entitled to a judgment against the Defendants in the amount not less than $424,067.88 pursuant to Sections 273 and 278 of Debtor and Creditor Law and Section 550 of the Bankruptcy Code.

### AS AND FOR A THIRD CAUSE OF ACTION PURSUANT TO DEBTOR AND CREDITOR LAW SECTION 275 AND SECTION 544(b) OF BANKRUPTCY CODE

51. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "50."

52. The Transfers were made without fair consideration when the Debtor intended and believed that it would incur debts beyond its ability to pay them as they became due.

53. The Transfers are voidable under Debtor and Creditor Law § 275 and Bankruptcy Code § 544(b).

54. By virtue of the foregoing, Plaintiff is entitled to judgment setting aside the Transfers as fraudulent conveyances under Debtor and Creditor Law § 275 and Bankruptcy Code §544(b).

### AS AND FOR A FOURTH CAUSE OF ACTION
### PURSUANT TO SECTIONS 275 & 278 OF DEBTOR AND CREDITOR LAW
### AND SECTION 550 OF THE BANKRUPTCY CODE

55. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "54."

56. Pursuant to Debtor and Creditor Law § 278 and Bankruptcy Code § 550 (a), the Plaintiff may recover the Transfers that were made and/or the value thereof.

57. Defendants benefitted from the Transfers made by Debtor to him/her/it in an amount not less than $424,067.88.

58. By reason of the foregoing, the Plaintiff is entitled to judgment against the Defendant in the amount not less than $424,067.88 pursuant to Sections 275 and 278 of Debtor and Creditor Law and Section 550 of the Bankruptcy Code.

### AS AND FOR A FIFTH CAUSE OF ACTION PURSUANT TO DEBTOR AND
### CREDITOR LAW SECTION 276 AND SECTION 544(b) OF BANKRUPTCY CODE

59. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "58."

60. Upon information and belief, the Transfers were made with actual intent to hinder, delay, or defraud either present or future creditors of the Debtor.

61. The Transfers are voidable under Debtor and Creditor Law § 276 and Bankruptcy Code § 544(b).

62. By virtue of the foregoing, Plaintiff is entitled to judgment setting aside the Transfers as fraudulent conveyances under Debtor and Creditor Law § 276 and Bankruptcy Code § 544(b).

### AS AND FOR AN SIXTH CAUSE OF ACTION PURSUANT TO 276 & 278 OF DEBTOR AND CREDITOR LAW AND SECTION 550 OF THE BANKRUPTCY CODE

63. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "."

64. Pursuant to Debtor and Creditor Law § 278 and Bankruptcy Code § 550 (a), the Plaintiff may recover the Transfers that was made and/or the value thereof.

65. The Defendants benefitted from the Transfers to him/she/it in an amount not less than $424,067.88.

66. By reason of the foregoing, the Plaintiff is entitled to a judgment against the Defendants in an amount not less than $424,067.88 pursuant to Sections 276 and 278 of Debtor and Creditor Law and Section 550 of the Bankruptcy Code.

### AS AND FOR A SEVENTH CAUSE OF ACTION UNDER SECTION 276-a OF DEBTOR AND CREDITOR LAW

67. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "66."

68. The Plaintiff is also entitled to recover attorney's fees under Debtor and Creditor Law § 276-a.

69. By virtue of the foregoing, Plaintiff is entitled to judgment equal to attorneys' fees incurred in connection with this action pursuant to Section 276-a of Debtor and Creditor Law.

**AS AND FOR AN EIGHTH CAUSE OF ACTION FOR UNJUST ENRICHMENT**

70. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "69."

71. Upon information and belief, Defendants benefitted from the Transfers because he/she/it received an aggregate amount of Debtor's property.

72. Defendants' benefit is at the expense of Plaintiff because the aggregate amount of $424,067.88 was not available to pay the creditors of the Bankruptcy Estate.

73. The Transfers to Defendants by Debtor have caused Defendants to be unjustly enriched and may not in equity and good conscience retain the Transfers.

74. By virtue of the foregoing, Plaintiff is entitled to judgment against the Defendants in an amount not less than $424,067.88.

**AS AND FOR AN NINTH CAUSE OF ACTION
UNDER SECTION 548 OF THE BANKRUPTCY CODE**

75. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "74."

76. Pursuant to section 548 of the Bankruptcy Code, the Plaintiff may recover those transfers that were made by the Debtor within two (2) years before the date of the filing of the Petition provided that the Debtor received less than reasonably equivalent value in exchange for the transfers and the Debtor was insolvent at the time of the transfer or the Debtor was rendered insolvent by virtue of the transfer.

77. Debtor transferred $212,928.72 to Defendants within the two (2) year period prior to the Petition Date.

78. Debtor was insolvent or was rendered insolvent as a result of these Transfers.

79. Debtor received less than reasonably equivalent value for these Transfers. In fact,

Debtor received no consideration for these Transfers.

80. By reason of the foregoing, Plaintiff is entitled to a judgment against Defendants, jointly and severally, in an amount of $212,928.72 pursuant to section 548 of the Bankruptcy Code.

### AS AND FOR A TENTH CAUSE OF ACTION
### PURSUANT TO SECTION 550 OF THE BANKRUPTCY CODE

81. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "80."

82. Pursuant to the Bankruptcy Code § 548 and Bankruptcy Code § 550 (a), the Plaintiff may recover the transfer of the payments that was made in the two (2) year period and/or the value thereof.

83. Defendants benefitted from the Debtor's transfers in an amount not less than $212,928.72.

84. By reason of the foregoing, the Plaintiff is entitled to a judgment against the Defendants, jointly and severally, in an amount not less than $212,928.72 pursuant to Sections 548 and 550 of the Bankruptcy Code.

### RESERVATION OF RIGHTS

85. Plaintiff intends to recover the fraudulent Transfers of Debtor made to Defendant prior to Petition Date, as such, hereby specifically reserves his right to amend this complaint to seek to recover additional transfers, if any, which are not identified herein, to bring any and all other causes of action that he could maintain against Defendant, including, without limitation, causes of action arising out of the same transaction(s) described herein, to the extent discovery in this action or further investigation by Trustee reveals additional transfers or further causes of action.

**WHEREFORE**, the Plaintiff respectfully demands judgment as follows:

(a) On the First Cause of Action, against Defendants a judgment setting aside the Transfers made by Debtor, determining that the Transfers were fraudulent conveyances under Debtor and Creditor Law § 273;

(b) On the Second Cause of Action, against Defendants in the amount not less than $424,067.88 pursuant to Sections 273 and 278 of Debtor and Creditor Law and Section 550 of the Bankruptcy Code;

(c) On the Third Cause of Action, a judgment against Defendants setting aside the Transfers made by Debtor as fraudulent conveyances under Debtor and Creditor Law § 275 and Bankruptcy Code § 544(b);

(d) On the Fourth Cause of Action, judgment against Defendants in the amount not less than $424,067.88 pursuant to Sections 275 and 278 of Debtor and Creditor Law and Section 550 of the Bankruptcy Code;

(e) On the Fifth Cause of Action, judgment setting aside the Transfers, as fraudulent conveyances under Debtor and Creditor Law § 276 and Bankruptcy Code § 544(b);

(f) On the Sixth Cause of Action, judgment against Defendants in the amount not less than $424,067.88 pursuant to Sections 276 and 278 of Debtor and Creditor Law and Section 550 of the Bankruptcy Code;

(g) On the Seventh Cause of Action, judgment equal to attorneys' fees incurred in connection with this action pursuant to Section 276-a of Debtor and Creditor Law;

(h) On the Eighth Cause of Action, judgment against the Defendants in an amount not less than $424,067.88;

      (i)      On the Ninth Cause of Action, judgment setting aside the transfers in the two (2) year period as fraudulent conveyances pursuant to Section 548 of the Bankruptcy Code;

      (j)      On the Tenth Cause of Action, judgment against the Defendants, jointly and severally, in the amount not less than $212,928.72 pursuant to Section 550 of the Bankruptcy Code;

      (k)      for such other, further and different relief as this Court deems just, proper, and equitable.

Dated: Huntington, New York
       April 10, 2020

                            **Rosen & Kantrow, PLLC**
                            *Attorneys for the Plaintiff*

                    BY:    <u>/s/Avrum J. Rosen</u>
                            Avrum J. Rosen, Esq.
                            Nico G. Pizzo, Esq.
                            38 New Street
                            Huntington, New York 11743
                            631 423 8527
                            arosen@rkdlawfirm.com
                            npizzo@rkdlawfirm.com